By the Court, Nelson, Ch. J.
The court below clearly erred upon the question of damages. The consequential loss which the plaintiff was allowed to prove at the trial, was too remote and speculative to come within any established rule on the subject. To maintain a claim for special damages, they must appear to be the legal and natural consequences arising from the tort, and not from the wrongful act of a third party remotely induced thereby. In other words, the damages must proceed wholly and exclusively from the injury complained of. (1 Chitty’s Pl. 395, 6; 1 Saund. Pl. and Ev. 344; Morris v. Langdale, 2 Bos. & Pull. 284,289; Vicars v. Wilcocks, 8 East, 1, 3, 4.)
This rule was violated by the court below, first, in admitting evidence of the refusal of Gage to receive and sell good and well cured hams, shoulders &c., contrary to a previous arrangement with him, in consequence of the reports that the plaintiff had purchased a lot of diseased sheep of the defendant; and second, in admitting evidence that others at Little Falls had refused to purchase, for the like reason, any hams &c. that came from the plaintiff’s establishment. The damages first mentioned, if any, arose out of a wrongful breach of contract, for which the plaintiff was entitled to an adequate remedy against Gage; and the others resulted from a want of confidence in the care, skill or integrity of the plaintiff himself, the people assuming that he might sell the meat of diseased sheep for a good and merchantable article.
Judgment reversed.